RECEIVED CLERK'S OFFICE

2008 FEB 25 P 3:15

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Tyrone Robinson, #235104,        )   C.A. No. 2:07-3270-SB-RSC
                                 )
         Petitioner,             )
                                 )
    -versus-                     )       **O R D E R**
                                 )
Lavern Cohen, Warden,            )
Ridgeland Correctional           )
Institution,                     )
                                 )
         Respondents.            )

The petitioner here is serving two five year prison terms for possession of a stolen motor vehicle and failing to stop for a blue light as the result of a south Carolina conviction in May of 2003. He now has before this court a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. He asserts that the South Carolina court lacked jurisdiction to try him.

The petitioner now moves before this court for release on bail pending resolution of the § 2254 petition before this court. The Respondent opposes the motion.

First, it is not insignificant that the petitioner has been found guilty by a South Carolina jury and sentenced consistent with South Carolina law. It is also apparent that he was denied state post conviction relief, and he at least contends that he has exhausted state remedies. This last matter is of some dispute by the respondent, but nevertheless, it is undisputed

1

that he remains in state custody after receiving an opportunity for due process.

Even the Ninth Circuit Court of Appeals has questioned whether a district court has the authority to grant bail pending a decision on a § 2254 petition, it has noted that if the authority exists, it should be exercised only in an "'extraordinary case[ ] involving special circumstances or a high probability of success.' In re Roe, 257 F.3d 1077, 1080 (9th Cir. 2001), quoting Land v. Deeds, 878 F.2d 318 (9th Cir. 1989); see also, Benson v. State of Cal., 328 F.2d 159, 162 (9th Cir. 1964)."

In Scheidler v. Berghuis, 2008 WL 161899 (E.D. Mich. 2008) the court elaborated further:

> It is obvious that a greater showing of special reasons for admission to bail pending review should be required in this kind of case than would be required in a case where applicant had sought to attack by writ of habeas corpus an incarceration not resulting from a judicial determination of guilt. In this kind of case it is therefore necessary to inquire whether, in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice.
>
> Aronson v. May, 85 S.Ct. 3, 5, 13 L.Ed.2d 6 (1964) (citations omitted). "[A]s a practical matter, ... motions for bail will be denied in most of the habeas proceedings," as "[t]here will be few occasions where a prisoner will meet the [Aronson] standard." Dotson v. Clark, 900 F.2d 77, 79 (6th Cir. 1990). Exceptional circumstances justifying

release on bond pending a decision in a habeas case have been limited to situations where (1) the prisoner was gravely ill, (2) the prisoner committed a minor crime and is serving a short sentence, which is near completion, or (3) possibly when there was extraordinary delay in processing the habeas corpus petition. See <u>Landano v. Rafferty</u>, 970 F.2d 1230, 1239 (3d Cir. 1992); <u>Calley v. Callaway</u>, 496 F.2d 701, 702 n. 1 (5th Cir. 1974); see also <u>Puertas v. Overton</u>, 272 F.Supp.2d 621 (E.D.Mich. 2003) (Gadola, J.) (granting bond where the 76-year-old petitioner presented a substantial claim of law based on the facts and was being treated for bladder cancer and heart disease). "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." <u>Lee v. Jabe</u>, 989 F.2d 869, 871 (6th Cir. 1993).

<u>Scheidler</u>, 2008 WL 161899

Here the Petitioner offers no reason for release on bail other than his own assertion that his conviction and sentence is in error. That simply is not sufficiently compelling to offset the presumptions created by the judicial determinations herein and includes no circumstance making this application exceptional and deserving of special treatment.

Accordingly the petitioners motion for bail is denied.

**AND IT IS SO ORDERED.**

*[signature]*

ROBERT S. CARR
UNITED STATES MAGISTRATE JUDGE

Charleston, South Carolina

February 25, 2008

3