UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Tyrone Robinson, # 235104, | ) | C/A No. 4:07-3270-SB-TER |
| | ) | |
| | ) | |
| Petitioner | ) | |
| vs | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Lavern Cohen, Warden Ridgeland | ) | |
| Correctional Institution, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## I.    INTRODUCTION

Petitioner, Tyrone Robinson, (Petitioner/Robinson) is an inmate in the custody of the South

Carolina Department of Corrections (SCDC). Petitioner, appearing pro se, filed his petition for a

writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on October 31, 2007. An Amended Petition was

filed on November 19, 2007.  Respondent filed a Motion for Summary Judgment on March 14, 2008,

along with a Return and supporting Memorandum.   The undersigned issued an order pursuant to

Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary

judgment procedure and the possible consequences if he failed to file a response.  Petitioner filed

Responses in opposition to the Motion for Summary Judgment on March 31, 2008, and May 19,

2008.  Petitioner has also filed four Motions for Default Judgment.

## II.    PETITIONER'S MOTIONS FOR DEFAULT JUDGMENT

Petitioner moves for default judgment against Respondent for violating his 5th Amendment

---

[1] This habeas corpus case was automatically referred to the undersigned United States
Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02,
DSC.  Because this is a dispositive motion, this report and recommendation is entered for review
by the district judge.

rights and "illegally, unlawfully, unconstitutionally holding [him] confined and imprisoned on a false charge [he] was never indicted or arrested on and [is] innocent of." Motion for Default Judgment (Document # 52). Plaintiff raises the same arguments in each of his Motions. See Motions for Default Judgment (Documents # 52, 53, 54, 57).

Entry of default and default judgment are appropriate "when a party against whom a judgment for relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Rule 55(a), Fed.R.Civ.P. Pursuant to Order of Magistrate Judge Robert S. Carr, Respondent was given fifty days from the date of service to file an answer or other response. Respondent acknowledged service on December 11, 2007. On February 4, 2008, Respondent filed a Motion for Extension of time, seeking an extension until March 5, 2008, to file a return otherwise plead. The Motion was granted. On March 5, 2008, Respondent filed another Motion for Extension of Time, seeking an additional extension until April 4, 2008. The Motion was granted, but Judge Carr warned that no further extensions would be granted. Respondent filed his Motion for Summary Judgment and Return and Memorandum on March 14, 2008. Thus, Respondent is not in default and it is recommended that Petitioner's Motions for Default Judgment be denied.

## III.    PROCEDURAL HISTORY

The procedural history as set out by the respondent has not been seriously disputed by the petitioner. Therefore, the undisputed procedural history as stated by the respondent is set forth herein.

Petitioner is presently incarcerated at the Ridgeland Correctional Institution pursuant to orders of commitment of the Beaufort County Clerk of Court. Petitioner was indicted at the January 2003 term of the Beaufort County Grand Jury for possession of a stolen vehicle (03-GS-07-0063),

failure to stop for a blue light (03-GS-07-0079) and resisting arrest (03-GS-07-0080). Petitioner proceeded to trial on May 12-13, 2003 after which he was found guilty of possession of a stolen vehicle and failure to stop for a blue light but not guilty of resisting arrest. He was sentenced by the Honorable Jackson V. Gregory, Circuit Court Judge, to confinement for a period of five years and ten years, to be served consecutively.[2] After a motion to reconsider the sentence, Petitioner's sentence was reduced to five years on each charge to be served consecutively. Those sentences were to be served consecutively to the sentence he was already serving.[3]

The Evidence

Petitioner was involved in a high speed chase with a highway patrolman at speeds in excess of 100 m.p.h. (App. 51-90). The officer testified he had his blue light and siren activated during the chase and Petitioner refused to stop. (App. p. 51-90). The evidence at trial established that Petitioner was driving at high rates of speed and running cars off the side of the road or into the median. (App. p. 51-90). Petitioner did not stop until he caused an automobile collision with another car. (App. p. 51-90). Even after causing a collision, Petitioner again sped away from the pursuing police officer. Petitioner was arrested in the vehicle which was stolen from Hilton Head, South Carolina and the value of the vehicle was in excess of $5,000. (App. p. 41-45; 51-90). During the chase, the highway patrolman was forced to shoot Petitioner when Petitioner drove toward the officer.

The Direct Appeal

---

[2]At sentencing, Petitioner's criminal record was read to Judge Gregory: 4/20/95 disorderly conduct, 11/14/95 simple assault and battery & malicious injury to personal property, 1/30/96 criminal domestic violence, 1/30/96 assault and battery, 4/16/96 discharging a firearm, 1996 burglary and grand larceny, 12/2002 failure to stop for a blue light.

[3]2Petitioner was convicted in December of 2002 of Failure to Stop for a Blue Light and sentenced to 3 years confinement.

Petitioner timely appealed his conviction by way of an <u>Anders</u> brief. The South Carolina Court of Appeals affirmed Petitioner's conviction and sentence. <u>State v. Robinson</u>, Op. No. 2005-UP-232 (Ct. App. filed April 6, 2005). The Remittitur was sent down on May 9, 2005.

<u>The First PCR Application</u>

Petitioner filed his application for post-conviction relief (PCR) on September 18, 2003, which was received by the Respondent on December 30, 2005. Petitioner alleged ineffective assistance of counsel and lack of subject matter jurisdiction. An evidentiary hearing was held on August 29, 2007 before the Honorable Perry M. Buckner, Circuit Court Judge. Petitioner was represented at the hearing by his counsel, Donald C. Colongeli, Esquire. Respondent was represented by Assistant Attorney General Lance S. Boozer, Esquire. Petitioner, his trial counsel, Trasi Campbell, Esquire, Sergeant Chris Jones and Petitioner's sister, Tonya Robinson testified at the evidentiary hearing.

The Court denied Petitioner's PCR Application by Order dated September 14, 2007 and filed September 18, 2007. (See Attached Order). In its order, the Court pointed out that it had reviewed the testimony presented at the evidentiary hearing, observed the witnesses presented at the hearing, passed upon their credibility, and weighed the testimony accordingly. Further, the Court noted that it had reviewed the Clerk of Court records regarding the subject conviction, the Applicant's records from the South Carolina Department of Corrections, the Application for Post Conviction Relief, the transcripts and documents from the prior proceedings, and legal arguments of counsel. Pursuant to S.C. Code Ann. § 17-27-80 (1985), the Court made the following findings of fact and conclusions of law based upon all of the probative evidence presented.

The Court pointed out that in a post-conviction relief action, the applicant has the burden of

proving the allegations in the application. Rule 71.1(e), SCRCP; <u>Butler v. State</u>, 286 S.C 441, 334 S.E.2d 813 (1985). The Court also noted that where ineffective assistance of counsel is alleged as ground of relief, the applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052 (1984).

The Court also pointed out that the proper measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. The Court noted that courts presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. <u>Butler</u>, 286 S.C. at 441. And, the applicant must overcome this presumption to receive relief. <u>Cherry v. State</u>, 300 S.C. 115, 386 S.E.2d 624 (1989). The Court pointed out that courts use a two-pronged test in evaluating allegations of ineffective assistance of counsel. First, the applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." <u>Cherry v. State</u>, 300 S.C. at 117, 385 S.E.2d at 625, citing <u>Strickland</u>. Second, counsel's deficient performance must have prejudiced the applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Cherry v. State</u>, <u>supra</u>; <u>Johnson v. State</u>, 325 S.C. 182, 480 S.E.2d 733 (1997).

The Court discussed Petitioner's allegations at the merits hearing. Petitioner alleged counsel failed to subpoena witnesses. Specifically, Petitioner testified he asked counsel to subpoena his sister, Tonya Robinson (Ms. Robinson). Petitioner further alleged counsel should have subpoenaed Sergeant Chris Jones to testify. Petitioner also alleged he thought he was going to trial on a "lesser included offense."

The Court summarized the testimony of the witnesses as follows. Sergeant Chris Jones testified he was the initial officer investigating the case. He further testified he was never subpoenaed for trial. Ms. Robinson testified she was a passenger in the vehicle with Petitioner at the time of the incident. She testified she was not called as a witness and that she was in Savannah, Georgia during the trial.

Trial counsel testified she discussed the elements of the charges and the facts of the case with Petitioner prior to trial. Counsel also indicated she filed a South Carolina Rule of Criminal Procedure Rule Five (5) motion and reviewed the evidence with Petitioner. Counsel testified she was fully prepared for trial. Counsel testified and the trial transcript reflects counsel attempted to get Ms. Robinson to testify at trial. However, counsel testified Ms. Robinson lived in Savannah, Georgia and attempts to reach her were unsuccessful. Counsel also acknowledged she does not have subpoena powers in Georgia.

Counsel stated she did not subpoena Sergeant Chris Jones. Counsel indicated she saw no reason to subpoena Sergeant Jones or investigate Sergeant Jones' underestimated value of the stolen vehicle. Counsel further indicated she did not see how the underestimation of the car's value was an overriding factor based on the car owner's testimony as to the actual value of the car. Trial counsel testified she did not recall making a formal inquiry into the arrest warrant. Counsel also indicated she properly cross-examined Officer Clipse. Counsel also testified she was not aware of a SLED investigation taking place prior to the trial. She further stated there was nothing in the State's file indicating a SLED investigation.

After reviewing the testimony and viewing the witnesses, and weighing the testimony accordingly, the Court found that counsel's testimony was credible and Petitioner's testimony was

-6-

not credible. The Court further found that Petitioner failed to carry his burden to show that counsel's representation fell below the standard of professional reasonableness for a criminal defense attorney in this regard. The Court noted that where counsel articulates a valid strategic reason for her action or inaction, counsel's performance should not be found ineffective. Roseboro v. State, 317 S.C. 292, 454 S.E.2d 312 (1996). This allegation of ineffective assistance of counsel was denied.

However, the Court pointed out that even if Petitioner had proven the first prong of the Strickland test that his counsel"s representation was deficient for failing to investigate and prepare for Petitioner's case, he must further prove the second prong and that was because of this deficiency there is reasonable probability that counsel's deficient conduct prejudiced the outcome of Petitioner's trial. The Court found that Petitioner had failed to prove the second element of Strickland requiring prejudice. Therefore, Applicant had failed to show prejudice. This allegation of ineffective assistance of counsel was denied.

Allegation that the Circuit Court lacked subject matter jurisdiction

The Court noted that Petitioner had also claimed that the trial court lacked subject matter jurisdiction due to defects in his indictment. The Court held and concluded that defects in the indictment do not affect subject matter jurisdiction. State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005); U.S. v. Cotton, 535 U.S. 625, 122 S.Ct. 1781 (2002). The Court pointed out that an indictment is a notice document, and any challenges to its sufficiency must be made in accordance with S.C. Code Ann. §17-19-90 (2003). Citing also S.C. Code §17-19-20 (2003). The Court held and concluded that subject matter jurisdiction is the power of a court to hear a particular class of cases, and it has nothing to do with the indictment document. Gentry, supra; Dove v. Gold Kist, Inc., 314 S.C. 235, 442 S.E.2d 598 (1994).

The Court pointed out that in post-conviction relief, an applicant wishing to raise challenges to the sufficiency of an indictment must do so in the context of ineffective assistance of counsel, basically alleging that his trial counsel failed to properly move to quash the indictment in accordance with S.C. Code Ann. § 17-19-90 (2003). A claim of this nature is subject to the procedural bars in the Uniform Post-Conviction Procedure Act notably the statute of limitations and successiveness. See S.C. Code §17-27-45 and -90 (2003).

The Court noted that an applicant may still challenge the subject matter jurisdiction of the trial court, and such a claim is one that may be raised at any time. See Brown v. State, 343 S.C. 342, 540 S.E.2d 846 (2001), overruled in part by Gentry, supra. However, the Court held and concluded that [c]ircuit courts obviously have subject matter jurisdiction to try criminal matters. Gentry, 610 S.E.2d at 499; See also S.C. Const. Art. V, § 7. Thus, the Court found and concluded Petitioner must present evidence that his case is of some class over which the circuit court does not have the authority to preside. The Court found and concluded that Petitioner's conviction involved a criminal charge in General Sessions Court. Thus, the Court found and concluded the circuit court had subject matter jurisdiction.

Miscellaneous allegations

As to any and all allegations which were or could have been raised in the application or at the hearing in this matter, but were not specifically addressed in this Order, the Court found and concluded that Petitioner failed to present any probative evidence regarding such allegations. Accordingly, the Court found that Petitioner waived such allegations and failed to meet his burden of proof regarding them. Accordingly, they were dismissed with prejudice.

Applicant's Right to Appeal

-8-

The Court also discussed Petitioner's right to appeal from the denial of his application for post-conviction relief. The Court pointed out that pursuant to Austin v. State, 305 S.C. 453 (1991), an applicant has a right to an appellate counsel's assistance in seeking review of the denial of PCR. The Court also pointed out that appellate counsel is required to brief arguable issues in order to safeguard the right to appeal. The Court noted that Rule 71.1(g), SCRCP, provides that if the applicant wishes to seek appellate review, PCR counsel must file a Notice of Appeal on the applicant's behalf. The Court advised Petitioner and his attorney of record that any Notice of Appeal must be filed within thirty (30) days of service of the signed copy. Their attention was directed to South Carolina Appellate Court Rule 227 for appropriate procedures on appeal. It was therefore ordered that:

1. The post-conviction relief application was denied.

2. Petitioner was remanded to the custody of the Respondent for the completion of his sentence.

The Appeal from the Denial of Post-Conviction Relief

Petitioner timely appealed from the denial of his post-conviction relief application. On December 7, 2007, the South Carolina Supreme Court entered an Order Dismissing Petitioner's Appeal from the denial of PCR after Petitioner requested through his appellate counsel that his appeal be dismissed. (See Attached Order of Chief Justice Toal dated December 7, 2007). The Order notes that Petitioner desired to dismiss his appeal after being fully advised of his rights and the adverse consequences of such action. Petitioner then filed a Motion to Reinstate his Appeal. This motion was granted by the Supreme Court and Petitioner's Appeal was reinstated. (See Motion to Reinstate Appeal with pro se brief & Order Reinstating Appeal).

## IV.    GROUNDS FOR RELIEF

The following grounds are raised in the Amended Petition[4]:

**Ground One**: Lack of subject matter jurisdiction.

**Supporting Facts**: Lack of subject matter jurisdiction to sentence me to higher offense charge of failure to stop for a blue light siren offense 56-5-750(2). That's more prison time of five years than the lesser offense charge of failure to stop for a blue light siren first offense 56-5-750....

**Ground Two:** Police misconduct.

**Supporting Facts: :** Violation of S.C. and Federal laws of forgery, counterfeiting, perjury, fraud and malicious prosecution and violation of my $4_{th}$ and $14_{th}$ Amendment Federal rights of America argued at PCR hearing....

**Ground Three:** Lack of subject matter jurisdiction.

**Supporting Facts:** On November 14, 2002 I was arrested on Arrest Warrant G-592755 that charged me with possession of a stolen vehicle less than five thousand dollars....

**Ground Four:** Police misconduct.

**Supporting Facts:** The arresting officer has violated S.C. and Federal Code of Laws and my federal constitutional rights when he forged, counterfeited, perjured and frauded [sic] arrest warrant G-533879 against me and charged me with a false charge, got me indicted on false charge, and caused me to be taken to trial on false charge....

**Ground Five:** Illegal arrest and shooting/ $4_{th}$ Amendment violation.

**Supporting Facts:** It has already been decided in state court by Judge Gregory Jackson in Beaufort County on May 13, 2002 that Joseph Clipse shot Tyrone Lorenzo Robinson with no just cause or excuse illegally, unlawfully, and unconstitutionally and that I never tried to assault Joseph Clipse or commit an act of assault....

**Ground Six:** Excessive force and police brutality/4th Amendment violation.

**Supporting Facts:** Joseph Clipse illegally, unlawfully and unconstitutionally shot at Tyrone Lorenzo

---

[4]Petitioner's original Petition was filed on a § 2241 form. The undersigned issued an Order (Document # 6) directing Petitioner to refile his Petition on the appropriate § 2254 form.

-10-

Robinson back and tried to shoot me in the back while I was unarmed, not resisting arrest, not posing an immediate threat to him....

**Ground Seven[5]:** State never gave me a copy of SLED investigation regarding shooting.

**Supporting Facts:** I ask this Court to order the State of South Carolina to immediately supply me with a copy of my discovery material that they keep withholding from of the complete copy of the SLED Investigative Report about the investigation that SLED conducted against me....

## V.     SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases.  See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted.  Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e);  Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case

---

[5]Plaintiff actually labels this "Ground Nine," but there are no Grounds Seven or Eight. For clarity's sake, the under signed will refer to this ground as Ground Seven.

makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. <u>See</u> Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In <u>Celotex</u>, the Court held the defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the petitioner had failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. <u>Celotex</u>, 477 U.S. at 322-323.

## VI.    STANDARD OF REVIEW

Since Robinson filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. <u>Lindh v. Murphy</u>, 117 S. Ct. 2059 (1997); <u>Breard v. Pruett</u>, 134 F.3d 615 (4th Cir. 1998); <u>Green v. French</u>, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. <u>See</u> O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied

-12-

are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d).  See <u>Williams v. Taylor</u>, 529 U.S. 362, 120 S.Ct. 1495 (2000).  In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable."  <u>Id</u>. at 1521.

The AEDPA became effective on April 24, 1996.  The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

## VII.    PROCEDURAL BAR

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

### A.    Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions.  Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States."  The statute states in part:

(b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

(A) the applicant has exhausted the remedies available in the courts

-13-

of the State; or

(B)(I) there is either an absence of available State corrective process; or

(ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.

(2)     An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3)     A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court.

The United States Supreme Court has consistently enforced the exhaustion requirement.

The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241,251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act . . .

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required

-14-

to state all his grounds in that appeal, See SCAR 207 and Blakeley v. Rabon, 266 S.C. 68,221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief (PCR). See S.C. Code Ann.§17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). However, if petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. Rose 455 U.S. at 515.

B.     Procedural Bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts,

-15-

<u>Smith v. Murray</u>, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

<u>Reed v. Ross</u>, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> . . . the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

<u>Smith v. Murray</u>, <u>supra</u>, quoting <u>Wainwright v. Syke s</u>, 433 U.S. at 84 (1977); <u>see also Engle v. Isaac</u>, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with

state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S.478, 496 (1986).

C.     Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the  filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert.denied, 118 S.Ct. 102 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Teague v. Lane, 489 U.S. 288,297-98 (1989); and George v. Angelone, 100 F.3d 353,363 (4th Cir. 1996).

D.     Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir. 1988), cert. denied, 485 U.S. 1000 (1988).

-17-

Absent a showing of "cause," the court is not required to consider "actual prejudice." <u>Turner v. Jabe</u>, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. <u>Murray v. Carrier</u>, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. <u>United States v. Frady</u>, 456 U.S. 152 (1982).

In the case of <u>Kornahrens v. Evatt</u>, 66 F.3d 1350 (4th Cir. 1995), <u>cert. denied</u> 517 U.S.1171 (1996), 116 S.Ct. 1575 (1996), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. <u>See</u> <u>Karsten v. Kaiser Foundation Health Plan</u>, 36 F.3d 8, 11 (4th Cir. 1993). Once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

## VIII.  ANALYSIS

Petitioner asserts seven grounds for relief in his Amended Petition.  It is noted at the outset that, in his second Response (Document # 43) in opposition to Respondent's Motion for Summary Judgment, Petitioner states, "Petitioner dismisses all issues besides Issue 1 and Issue 3" and "the only issue [sic] this court should decide on are the issues submitted inside this summary judgement response which are issues attacking the validity and illegality and federal constitutionality of Patitioner [sic] prison sentence."  Response at 2.  Grounds One and Three in the Amended Petition address the trial court's subject matter jurisdiction and those are the only issues he addresses in his Response.  Because Petitioner has not filed an Amended Petition or a motion to dismiss the

remaining grounds, the undersigned will address those issues out of an abundance of caution.

In Grounds Two and Four, Petitioner asserts police misconduct. In Ground Five, Petitioner asserts illegal arrest and shooting. In Ground Six, Petitioner asserts excessive force and police brutality. In Ground Seven Petitioner asserts the State never gave him a copy of the SLED investigation regarding the shooting. None of these issues were raised in the trial court, on direct appeal, or in the PCR court. Because the issues in Grounds Two, Four, Five, Six, and Seven have not been ruled upon by the highest state court, they are procedurally barred from habeas review, and it is recommended that summary judgment be granted on these grounds.

Grounds One and Three assert the trial court lacked subject matter jurisdiction. Petitioner raised his claims that the trial court lacked subject matter jurisdiction due to defects in his indictment in his PCR application. In an Order filed September 18, 2007, the PCR court ruled that defects in the indictment do not affect subject matter jurisdiction, and that, in post-conviction relief, an applicant wishing to challenge the sufficiency of an indictment must do so in the context of ineffective assistance of counsel for failure to properly move to quash the indictment. The PCR court also noted that an applicant can challenge subject matter jurisdiction at any time, but must present evidence that his case is of some class over which the circuit court does not have the authority to preside. The PCR court found that the trial court had subject matter jurisdiction over Petitioner's criminal charges.

Counsel for Petitioner received notice of entry of the Order dismissing Petitioner's PCR Application on October 15, 2007. Petitioner filed his Petition in this Court on October 31, 2007. He then filed his Notice of Appeal of the Order dismissing his PCR application on November 8,

-19-

2007. An Order dismissing the appeal was entered on December 7, 2007, upon the request of Petitioner with full understanding of all possible consequences of his request. Petitioner filed a pro se Motion to Reinstate his Appeal on December 27, 2007, which the Supreme Court granted on January 23, 2008. In his pro se Appellant's Brief, Petitioner submitted the following Statement of Issues on Appeal: "P.C.R. Judge Perry Buckner errored [sic] in his decision and Judge Gregory Jackson and court lacks subject matter jurisdiction to sentence Tyrone Lorenzo Robinson to prison time for and on upgraded higher offense charges of defferent [sic] nature." At the time Respondent filed his Motion for Summary Judgment, Petitioner's Appeal on the Order dismissing his PCR Application was still pending.

     However, in his second Response in Opposition to the Motion for Summary Judgment, Petitioner states that he "has dismissed his appeal case so that this court can decide this habeaus [sic] corpus case and so Petitioner will not be procedurally barred from haveing [sic] this habeaus [sic] corpus decided." Id. at 2-3. To date, neither Respondent nor Petitioner has filed any documentation regarding the dismissal of his appeal.

     If the PCR appeal is still pending, Petitioner has not exhausted his state court remedies with regards to his subject matter jurisdiction issues (Grounds One and Three). "A federal habeas court may consider only those issues which have been 'fairly presented' to the state courts.... To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir.1997) (citations omitted).

     Nevertheless, Petitioner represents his PCR appeal has been dismissed. Dismissal of Grounds One and Three is appropriate because they question the trial court's subject matter

jurisdiction. "'Federal habeas corpus relief does not lie for errors of state law.'"Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (citing Lewis v. Jeffers, 497 U.S. 764, 780, 110 S.Ct. 3092, 3102, 111 L.Ed.2d 606 (1990); Pulley v. Harris, 465 U.S. 37, 41, 104 S.Ct. 871, 874-75, 79 L.Ed.2d 29 (1984)). Jurisdiction is a non-cognizable state law issue. See Wright v. Angelone, 151 F.3d 151, 156-158 (4th Cir.). Therefore, the undersigned recommends that Grounds One and Three be dismissed.

## IX.    CONCLUSION

For the reasons set forth above, it is recommended that Petitioner's Motions for Default (Documents # 52, 53, 54, 57) be denied and Respondent's Motion for Summary Judgment (Document # 37) be granted.

Respectfully submitted,

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 30, 2009
Florence, South Carolina

**The parties' attention is directed to the important information in the attached notice.**

-21-