IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Tyrone Robinson, #235104, )
 )
        Petitioner, )
 )  Civil Action No. 4:07-3270-SB-TER
v. )
 )  **ORDER**
Lavern Cohen, Warden Ridgeland )
Correctional Institution, )
 )
        Respondent. )
_____)

This matter is before the Court upon Tyrone Robinson's ("Robinson" or "the Petitioner") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The record contains a report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b)(1). In the R&R, the Magistrate Judge recommends that the Court grant the Respondent's motion for summary judgment and deny the Petitioner's various motions for default judgment. The Petitioner filed timely objections to the R&R, and the matter is ripe for review. See 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to an R&R within ten days after being served with a copy of that report).

## BACKGROUND

The Petitioner is incarcerated at the Ridgeland Correctional Institution pursuant to orders of commitment of the Beaufort County Clerk of Court. He was indicted during the January 2003 term of the Beaufort County Grand Jury for possession of a stolen vehicle

---

[1] Because the Petitioner proceeds *pro se*, the Court holds his pleadings to a less stringent standard than those drafted by attorneys and accords them liberal construction. See Estelle v. Gamble, 429 U.S. 97 (1976), and Haines v. Kerner, 401 U.S. 519 (1972).

(03-GS-07-0063), failure to stop for a blue light (03-GS-07-0079), and resisting arrest (03-GS-07-0080).  On May 12-13, 2003, the Petitioner proceeded to trial, after which the jury found him guilty of possession of a stolen vehicle and failure to stop for a blue light.  The jury found him not guilty of resisting arrest.  Circuit Court Judge Jackson V. Gregory sentenced the Petitioner to five years for failure to stop for a blue light and ten years for possession of a stolen vehicle, to be served consecutively.[2]  After a motion to reconsider the sentence, however, the judge reduced the Petitioner's sentence to five years on each charge, to be served consecutively.  Also, these sentences were to be served consecutively to the sentence the Petitioner was already serving.[3]

## I. The Trial

The evidence at trial indicated that the Petitioner was involved in a high speed chase with a highway patrolman at speeds in excess of 100 miles per hour.  The patrolman testified that he had his blue light and siren activated during the chase and that the Petitioner failed to stop.  Apparently, the Petitioner was speeding and running cars off the side of the road or into the median, and at some point, he caused a collision with another vehicle.  Following the collision, the Petitioner again sped away from the pursuing officer. When the Petitioner drove toward the officer, the officer shot the Petitioner.  Ultimately, the Petitioner was arrested, and the vehicle that he was driving was determined to have been



---

[2] The Petitioner's criminal record was read at sentencing: 4/20/95 disorderly conduct; 11/14/95 simple assault and battery and malicious injury to personal property; 1/30/96 criminal domestic violence; 1/30/96 assault and battery; 4/16/96 discharging a firearm; 1996 burglary and grand larceny; 12/2002 failure to stop for a blue light.

[3] The Petitioner was convicted in December of 2002 of failure to stop for a blue light and was sentenced to three years.

stolen from Hilton Head; its value was estimated to be in excess of $5,000.00.

## II.    The Direct Appeal

The Petitioner timely filed a direct appeal of his conviction; however the South Carolina Court of Appeals affirmed the Petitioner's conviction and sentence. See State v. Robinson, Op. No. 2005-UP-232 (Ct. App. April 6, 2005). The Remittitur was sent down on May 9, 2005.

## III.    The First Post-Conviction Relief Application

On September 18, 2003, the Petitioner filed his first application for post-conviction relief ("PCR"), which was received by the Respondent on December 30, 2005. In his application, the Petitioner alleged ineffective assistance of counsel and lack of subject matter jurisdiction. On August 29, 2007, an evidentiary hearing was held before Circuit Court Judge Perry M. Buckner. Attorney Donald C. Colongeli represented the Petitioner, and Assistant Attorney General Lance S. Boozer represented the Respondent. The Petitioner, his trial counsel (Trasi Campbell), Sergeant Chris Jones, and the Petitioner's sister (Tonya Robinson) all testified at the hearing.



In an order dated September 14, 2007, and filed on September 18, 2007, the court denied the Petitioner's PCR application. In the order, the court stated that it had reviewed the testimony presented at the hearing, observed the witnesses presented at the hearing, passed upon their credibility, and weighed the testimony accordingly. The court also noted that it had reviewed the Clerk of Court's records regarding the subject conviction, Robinson's records from the South Carolina Department of Corrections, the PCR application, the transcripts and documents from prior proceedings, and the legal arguments

3

of counsel. After setting forth the appropriate standard for evaluating claims of ineffective assistance of counsel, the court found that the Petitioner's testimony was not credible and that the Petitioner failed to carry his burden to show that his counsel's representation fell below the standard of professional reasonableness. Moreover, the court found that even if the Petitioner had proven that his counsel's representation was somehow deficient, he still could not prove that he was prejudiced by counsel's representation. Accordingly, the court denied the Petitioner's claim of ineffective assistance of counsel.

Likewise, the PCR court denied the Petitioner's claim that the circuit court lacked subject matter jurisdiction due to defects in the indictment. First, the court found that any alleged defects in the indictment did not affect the court's subject matter jurisdiction. Next, the court pointed out that to raise this claim, the Petitioner would need to do so in the context of ineffective assistance of counsel, basically by alleging that his trial counsel was deficient by failing to move to quash the indictment in accordance with S.C. Code Ann. § 17-19-90 (2003). Nevertheless, the court pointed out that such a claim would be procedurally barred under the Uniform Post-Conviction Procedure Act. S.C. Code Ann. §§ 17-27-45 and -90. Finally, the court pointed out that the circuit court clearly had subject matter jurisdiction to hear the Petitioner's criminal charges. Ultimately, therefore, the court dismissed the Petitioner's claim regarding subject matter jurisdiction.

Lastly, the PCR court found that the Petitioner failed to present any probative evidence regarding any allegations that were or could have been raised in his application or during the hearing, but that were not addressed in the order. Therefore, the court found that the Petitioner either waived these allegations or failed to meet his burden of proof.

The Petitioner timely appealed the denial of his first PCR application. On December

7, 2007, however, the South Carolina Supreme Court entered an Order dismissing the Petitioner's appeal after the Petitioner requested, through his counsel, that his appeal be dismissed. The order notes that the Petitioner desired to dismiss his appeal after being fully advised of his rights and the potential adverse consequences of dismissing the appeal. In December of 2007, however, the Petitioner filed a motion to reinstate his appeal. The only grounds raised in the Petitioner's motion to reinstate his appeal concern his assertion that the circuit court lacked subject matter jurisdiction. On January 23, 2008, the Supreme Court granted the Petitioner's motion to reinstate his appeal. The status of this appeal is not clear from the record currently before the Court.

## IV.    The Petitioner § 2254 Petition

In the present action, the Petitioner raises the following issues, taken from his § 2254 petition:

| | |
|---|---|
| Ground One: | Lack of subject matter jurisdiction |
| Ground Two: | Police misconduct by arresting officer/violation of federal laws and Constitution against Tyrone Lorenzo Robinson |
| Ground Three: | Lack of subject matter jurisdiction |
| Ground Four: | Arresting officer commit[t]ed forgery, perjury, counterfeit, fraud, and others against Tyrone Lorenzo Robinson and malicious[ly] prosecuted Tyrone on a[n] [i]llegal and unconstitutional arrest warrant to cover up brutal shooting. Arresting officer violate[d] Tyrone['s] 4th and 14th Amendment federal constitutional rights of the United States of America. |
| Ground Five: | Arresting officer [i]llegally siezed [sic] Tyrone and [i]llegally shot Tyrone Lorenzo Robinson violateing [sic] Tyrone Lorenzo Robinson['s] 4th and 14th Amendment federal constitutional rights. 4th Circuit Court of Appeals already decided in a civil case that based on evidence Tyrone has presented by witnesses [sic] statement Joseph Clipse is denied qualified immunity meaning based on the evidence presented by Tyrone Lorenzo Robinson if correct, Joseph Clipse is guilty of |

|  |  |
|---|---|
|  | violateing [sic] Tyrone Lorenzo Robinson['s] 4th Amendment rights of the United States of America. Now submitted in Ground 5 never decided on yet is final judgement [sic] of Judge Gregory Jackson. On page "149" official transcript attached as evidence. That proves Joseph Franklin Clipse shot and shot at Tyrone Lorenzo Robinson [i]llegally[,] unlawfully[], and unconstitutionally and Joseph Franklin Clipse is guilty of violateing [sic] Tyrone['s] 4th, 14th Amendment rights of America as a matter of law, and arresting officer did use the means of [i]llegal siezure [sic] to appr[e]hend and arrest and detain Tyrone and Tyrone Lorenzo Robinson['s] imprisonment came about thr[ough] means of being appr[e]hended thr[ough] [i]llegally siezed [sic] by means of excessive force . . . |
| Ground Six: | State failed to produce discovery to Tyrone Lorenzo Robinson. |
| Ground Seven[4]: | The State of South Carolina never gave me a copy of my discovery with a complete copy of the SLED investigative report concerning Joseph Clipse shootin[g] . . . . |

(See Entry #12.)

In his second response to the Respondent's motion for summary judgment (Entry #43), the Petitioner states:

> To avoid uneccessary [sic] litigation for excessiveness with the court and judge who decided [sic] this habeaus [sic] corpus, P[e]titioner dismisses all issues besides issue 1 and issue 3 that pertain[ ] to the validity of [his] prison sentence. The only issue[s] this court should decide on are the issues submit[t]ed in this summary judgement [sic] response which are issues attacking the validity and illegality and federal constitutionality of petitioner['s] prison sentence. By issues of trial judge and court lacking subject matter jurisdiction to sentence Tyrone Lorenzo Robinson to invalid illegal unconstitutional prison sentences citeing [sic] Chadwick v. Graves, 110 F. Supp. 2d 1110 "quoteing" [sic] when prisoner directly attacks validity of his sentence proper vehicle is habeaus [sic] corpus action.

---

[4] He labels ground seven as "ground nine," but his petition does not contain grounds seven or eight. For the sake of clarity, the Court will refer to this ground as "ground seven."

(Entry #43 at 2.) Thus, it appears that the Petitioner wishes to proceed only on grounds one and three, which both allege that the trial court lacked subject matter jurisdiction.[5]

## STANDARD OF REVIEW

### I.   Legal Standard for Summary Judgment

To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. See Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

### II.   The Magistrate Judge's R&R

This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636 (b)(1). Any written objection must specifically identify the portion of the R&R to which the objection is made and the basis for the objection. Id. After a review of the entire record, including the R&R and the Petitioner's objections, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law.

---

[5] In the interest of fairness, however, the Court will briefly address the Magistrate Judge's findings with respect to grounds two and four through seven of the § 2254 petition.

## DISCUSSION

### I.     Exhaustion

Relief under § 2254 may be had only after a habeas petitioner has exhausted his state court remedies. "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas corpus. Claims not so raised are considered defaulted." Breard v. Green, 523 U.S. 371, 375 (1998) (citing Wainwright v. Sykes, 433 U.S. 72 (1977)); see also 28 U.S.C. § 2254(b). Stated plainly, in the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state remedies before a federal district court can entertain his claims. Thus, a federal habeas court may consider only those issues that have been property presented to the highest state courts with jurisdiction to decide them.

To exhaust a claim in state court, a South Carolina habeas petitioner must pursue a direct appeal and/or file an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10–160. "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 321 S.C. 563, 564 (1990).

### II.    Procedural Default

When a federal habeas petitioner has failed to raise a claim at the appropriate time in state court and has no further means of bringing that issue before the state courts, the claim will be considered procedurally defaulted, and he will be procedurally barred from

8

raising the issue in his federal habeas petition. See Smith v. Murray, 477 U.S. 527, 533 (1986). Procedural default can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. In South Carolina, if a prisoner fails to file a direct appeal or a PCR application and the deadlines for filing have passed, then he is barred from proceeding in state court. Moreover, a petitioner must raise all grounds previously raised but denied at the PCR hearing in his subsequent petition to the South Carolina Supreme Court for a petition for a writ of certiorari if he is to preserve them for later consideration.

## III.  The Relationship Between Exhaustion and Procedural Default



If a petitioner in federal court has failed to raise a claim in state court at the appropriate juncture and is precluded by state rules from returning to state court to raise the issue, he has procedurally defaulted his opportunity for relief in the state courts. Under these circumstances the exhaustion requirement is technically met and the rules of procedural bar apply. See Matthews v. Evatt, 105 F.3d 907 (4th Cir. 2997), cert. denied, 522 U.S. 833 (1997) (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996)). In other words, where the state court has not had the opportunity to apply its own procedural bar, the federal court will nevertheless bar the claim where application of the bar is clear. Teague, 489 U.S. at 297-98.

## IV.  Excusing Procedural Default

Notwithstanding the foregoing, the requirement of exhaustion is not jurisdictional, and a federal court may consider claims that have not been presented to the highest South

9

Carolina court with jurisdiction to hear the claim in very limited circumstances. <u>Cranberry v. Greer</u>, 481 U.S. 129, 131 (1989). A federal court will review a procedurally defaulted claim if the petitioner can demonstrate cause for the default and actual prejudice therefrom, or his actual innocence of the crimes for which he is being held. <u>Coleman</u>, 501 U.S. at 750. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." <u>Strickler v. Greene</u>, 527 U.S. 263, 283 n. 24 (1999) (quoting <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986)). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Moreover, the claim of cause itself must be exhausted. <u>See</u> <u>Edwards v. Carpenter</u>, 529 U.S. 466 (2000).

Next, to establish "actual prejudice," a petitioner generally must show some error. In addition, a petitioner must show an actual and substantive disadvantage as a result of the error, not merely the possibility of harm. Lastly, "actual innocence" is not an independent claim, but a method of excusing default. To prevail under this theory, a petitioner must produce new evidence that was not available at trial to establish his factual innocence. <u>Royal v. Taylor</u>, 188 F.3d 239 (4th Cir. 1999).

## V.    Habeas Corpus Relief

With respect to those claims adjudicated on the merits, habeas relief is warranted only if the Petitioner can demonstrate that the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

In <u>Williams v. Taylor</u>, 529 U.S. 362 (2000), the Supreme Court explained that §

2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. Id. at 404-05. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in controlling cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. Id. at 405-06. A federal habeas court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of the particular case. Id. at 407-08. Factual determinations made by the state "shall be presumed to be correct," and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## VI.    The Magistrate Judge's R&R and the Petitioner's Objections

Here, the Magistrate Judge first noted that the Petitioner had abandoned all of his grounds for relief except for grounds one and three, which both pertain to the trial court's subject matter jurisdiction. Nevertheless, the Magistrate Judge briefly discussed the Petitioner's remaining grounds for relief and found that none of the issues in these grounds were raised in the trial court, on direct appeal, or during the PCR proceedings. Therefore, the Magistrate Judge found these claims to be procedurally defaulted.

In his objections, the Petitioner does not address grounds two or four through seven. Nor does he address the Magistrate Judge's findings as to these grounds. After review, therefore, the Court first finds that the Petitioner has effectively abandoned these issues in this action. Next, the Court finds that even if the Petitioner had not abandoned them in the present case, they are nevertheless procedurally defaulted, and therefore, the Petitioner is procedurally barred from raising them in this habeas action.

Next, the Magistrate Judge addressed grounds one and three, which both assert that the trial court lacked subject matter jurisdiction. First, the Magistrate Judge noted that the Petitioner raised the issue of subject matter jurisdiction in his PCR application. In an order filed September 18, 2007, however, the PCR court ruled that defects in the indictment do not affect subject matter jurisdiction and that the only way to challenge the sufficiency of the indictment in the context of post-conviction relief would be to allege ineffective assistance of counsel for failure to move to quash the indictment before trial, a claim that would be procedurally barred in the present case.

The Magistrate Judge then noted that the Petitioner filed an appeal of the PCR court's order denying his PCR application. Evidently, the Petitioner sought to have this appeal dismissed, which it was, and then reinstated, which it was. When the Respondent filed his motion for summary judgment, the Petitioner's appeal was still pending; however, in his second response to the motion for summary judgment, the Petitioner asserts that he again dismissed his appeal so that this court could decide his habeas corpus case.

As the Magistrate Judge noted, if the Petitioner's appeal is still pending, then he has not exhausted his state court remedies with regard to the issue of subject matter jurisdiction. Nevertheless, because the Petitioner claims to have dismissed his appeal, the Magistrate Judge addressed the merits of grounds one and three. Ultimately, the Magistrate Judge determined that the Respondent was entitled to summary judgment on these grounds because the issue of the state's subject matter jurisdiction is not cognizable on habeas corpus review. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("Federal habeas relief does not lie for errors of state law.") (citing Lewis v. Jeffers, 497 U.S. 764, 780 (1990), and Pulley v. Harris, 465 U.S. 37, 41 (1984)); see also Wright v. Angelone, 151

F.3d 151, 156-58 (4th Cir. 1998).

The Petitioner does not raise any specific objections to the Magistrate Judge's R&R; rather, he spends 21 pages repeatedly setting forth his arguments concerning the trial court's lack of subject matter jurisdiction. Although the Petitioner's objections are difficult to read, the Petitioner essentially asserts that the trial court lacked subject matter jurisdiction because he was indicted for, and the jury found him guilty of, failure to stop for a blue light (first offense), which carries a maximum term of imprisonment of three years, and not for failure to stop for a blue light (second offense), for which he was sentenced, and which carries a maximum term of imprisonment of five years.[6]

The statute covering "failure to stop motor vehicle when signaled by law-enforcement vehicle" provides, in pertinent part:

> (A) In the absence of mitigating circumstances, it is unlawful for a motor vehicle driver, while driving on a road, street, or highway of the State, to fail to stop when signaled by a law enforcement vehicle by means of a siren or flashing light. . . .
>
> (B) A person who violates the provisions of subsection (A):
>
>> (1) for a first offense where no great bodily injury or death resulted from the violation, is guilty of a misdemeanor and, upon conviction,

---

[6] For example, on page four of his objections, he states:

> The trial judge and trial court lacks subject matter jurisdiction to upgrade the charge to a higher offense charge from a first offense statu[t]e offense written as failure to stop for a blue light siren 56-5-750 to higher offense charge of failure to stop for a blue light siren second offense 56-5-750 and sentence me to a higher offense more greater [sic] prison sentence of 5 years prison sentence for a second offense charge when the jury only found me guilty of a first offense statu[t]e offense of 56-5-750 for failure to stop for a blue light . . . that only carries a maximum prison sentence of 3 years . . .

(Obj. at 4.)

> must be fined not less than five hundred dollars or imprisoned for not less than ninety days nor more than three years. . . . ; or
>
> (2) for a second or subsequent offense where no great bodily injury or death resulted from the violation, is guilty of a felony and, upon conviction, must be imprisoned for not more than five years. . . .
>
> (C) A person who violates the provisions of subsection (A) and when driving performs an act forbidden by law or neglects a duty imposed by law in the driving of a vehicle:
>
> (1) where great bodily injury resulted, is guilty of a felony and, upon conviction, must be imprisoned for not more than ten years; or
>
> (2) where death resulted, is guilty of a felony and, upon conviction, must be imprisoned for not more than twenty-five years.

S.C. Code Ann. § 56-5-750(A)-(C).

Here, the Petitioner admits that the indictment charged him with a violation of section 56-5-750, and a review of the indictment so indicates, but he complains that the indictment did not contain all the elements of the crime because it did not specify that he was being charged with a second offense under section (B)(2).



After review, the Court first agrees with the PCR court and the Magistrate Judge that the arguments raised by the Petitioner do not affect the trial court's subject matter jurisdiction, as the Court of General Sessions of Beaufort County clearly had subject matter jurisdiction over the Petitioner's criminal charges. Moreover, the Court agrees with the Magistrate Judge that the issue of South Carolina's subject matter jurisdiction is not a proper issue for federal habeas review. Nevertheless, to the extent that the Petitioner asserts that his counsel was ineffective for failing to move to quash the indictment, the Court finds that such a claim must fail because whether the Petitioner was a first offender

or a second offender does not constitute an element of the offense.[7]

In United States v. Davis, 184 F.3d 366 (4th Cir. 1999), the Fourth Circuit Court of Appeals addressed section 56-5-750 of the South Carolina Code and determined that subsection (C)(1) of the statute, as set forth above, includes the additional element of whether "great bodily injury resulted."[8] Interestingly, in determining whether subsection (C)(1) set forth an additional element of the offense, the court differentiated subsection (C)(1) from subsection (B)(2) (which is at issue in the present case), stating: "Subsection (B)(2), unlike subsection (C)(1), contains no additional offense elements beyond those in subsection (A)." 184 F.3d at 372 n.6. The court further noted that the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), foreclosed any argument about whether the defendant is a repeat offender constitutes an offense element. 523 U.S. 224 (1998) (finding that the sentencing-related circumstance of recidivism was a sentencing factor and not an element of the underlying offense).

Here, the Petitioner was charged with, found guilty of, and sentenced for a violation of S.C. Code Ann. § 56-5-750. Because the fact of whether it was a first offense or a second offense does not constitute an element of the offense, the Petitioner cannot successfully argue that his indictment was thereby defective. Moreover, a review of the record indicates that the Petitioner had previously been convicted of failure to stop for a

---

[7] The Petitioner does not appear to have alleged ineffective assistance of counsel for failure to move to quash the indictment, and it appears likely that such a claim is procedurally defaulted. Considering the Petitioner's *pro se* status, however, the Court briefly addresses the merits (or lack thereof) of such a claim.

[8] In Davis, because the indictment did not charge the defendant with the "great bodily injury" element of the crime, the court vacated the defendant's sentence and remanded the case.

blue light, and thus, it was proper for the trial court to sentence him as a second offender under S.C. Code Ann. § 56-5-750(B)(1). Lastly, because the Petitioner cannot successfully argue that his indictment was defective, the Petitioner also cannot successfully argue that his trial counsel was in any way deficient for failing to move to quash the indictment, or that he was in any way prejudiced by trial counsel's failure to move to quash the indictment.

For all of the abovementioned reasons, the Court finds that the Respondent is entitled to summary judgment.

Finally, during this litigation, the Petitioner has filed several motions for default judgment. As the Magistrate Judge noted, however, the Respondent has not failed to plead or otherwise defend and therefore is not in default. Accordingly, the Court agrees with the Magistrate Judge that the Petitioner's motions for default judgment should be denied.

## CONCLUSION

Based on the foregoing, it is

**ORDERED** that the R&R (Entry # 58) is adopted; the Petitioner's objections (Entry # 60) are overruled; the Petitioner's motions for default judgment (Entries # 52, 53, 54, and 57) are denied; and the Respondent's motion for summary judgment (Entry # 37) is granted.

**IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

March 24, 2009
Charleston, South Carolina